Andrew W. Stavros (8615)
Adam G. Clark (13047)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
Email: andy@stavroslaw.com
      adam@stavroslaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRYAN L. ALFRED, an individual,<br><br>   Plaintiff,<br>vs.<br><br>EARLE M. JORGENSEN COMPANY, a Delaware corporation, d.b.a. ENCORE METALS USA, and RELIANCE STEEL & ALUMINUM CO., a Delaware corporation,<br><br>   Defendants. | **COMPLAINT**<br><br>(JURY DEMAND)<br><br>Case No.:<br><br>Judge: |

Plaintiff Bryan L. Alfred (hereinafter "Plaintiff" or "Alfred"), by and through his attorneys, brings the following Complaint against Earle M. Jorgensen Company (hereinafter "Defendant" or "EMJC") and Reliance Steel & Aluminum Co. ("Defendant" or "Reliance") and alleges for causes of action the following:

**PARTIES, JURISDICTION AND VENUE**

1. This is an employment action brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., and the Family and Medical Leave Act, ("FMLA") 29 U.S.C. §§ 2601 et seq.

2. Plaintiff Bryan L. Alfred ("Alfred") is a resident of Salt Lake County, State of Utah.

3. At all times relevant to this Complaint, Alfred was an employee of Defendant Earle M. Jorgensen Company, d.b.a. Encore Metals USA (hereinafter, "EMJC").

4. Defendant EMJC is a Delaware corporation doing business in Utah as Encore Metals. EMJC has an Encore Metals location in Salt Lake County and Davis County.

5. Defendant Reliance is a Delaware corporation doing business in Utah. EMJC is a Division of Reliance. Reliance, at all times hereto, acted as a joint employer of Alfred pursuant to the FMLA in that EMJC acted directly or indirectly in the interest of Reliance for purposes of Alfred's employment, and/or Reliance controls or is under common control with EMJC. At all times relevant hereto, Reliance conducted business in Salt Lake County and Davis County.

6. At all times relevant to this action, Alfred worked for EMJC in Utah.

7. At all times relevant to this action, EMJC and Reliance were each an employer within the meaning of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611(4).

8. At all times relevant to this action, EMJC and Reliance employed more than fifty (50) employees within a 75-mile radius and otherwise met the jurisdictional prerequisites of the FMLA.

9. Jurisdiction of this Court over the federal claims asserted herein is invoked

pursuant to 28 U.S.C. §1343(4) in that the action arises under the FMLA and ADA. This Court also has jurisdiction pursuant the ADA, 42 U.S.C. § 12117.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) insofar as the claims arose in Salt Lake County, Utah, EMJC employed Alfred in Davis County and he worked in Salt Lake County, Utah and records relating to the employment referenced herein were kept in Davis County, Utah and/or Salt Lake County.

11. Alfred filed a timely charge of discrimination with the Utah Labor Commission, Antidiscrimination and Labor Division ("UALD") and the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability, and obtained a notice of right to sue from the EEOC in December, 2018.

12. This complaint is filed within ninety (90) days of Alfred's receipt of the notice of right to sue.

## FACTUAL BACKGROUND

13. Alfred worked for EMJC from 1992 until his termination on August 1, 2017.

14. Alfred was an excellent employee who was loyal and hard-working and devoted to serving the interests of EMJC and Reliance.

15. By 2017, Alfred's wife was suffering from multiple medical conditions, including rheumatoid arthritis, osteo and CPPD, back issues, achalasia, vertigo and related symptoms.

16. To care for her during this time period, Alfred often used his own vacation to assist her, including after surgeries or procedures.

17. Alfred notified EMJC in May, 2017 of his wife's upcoming back surgery and his

3

concomitant need for FMLA leave to care for her during the surgery and her recovery.

18. In June of 2017 Alfred formally requested FMLA leave to care for his wife due to a surgery his wife needed and as needed for her recovery, and submitted forms related to his request as mandated by EMJC, Reliance and the FMLA.

19. When he originally requested FMLA, Alfred's supervisor asked him whether his leave could wait until later. Because it could not, Alfred still requested FMLA.

20. Alfred's wife's physician provided medical certification for his wife's condition, pursuant to a Certification of Health Care Provider for Family Member's Serious Health Condition form signed by Alfred on June 2, 2017 and his wife's health care provider on June 12, 2017 (the "Certification").

21. In the Certification Alfred's wife's physician, Peter Maughan (a neurosurgeon), notified EMJC that Alfred's wife was scheduled for surgery on June 22, 2017 for a lumbar fusion due to pain and numbness she had been experiencing due to lumbar stenosis at L4-5.

22. The Certification requested leave between 6/22/17-9/21/17, and also indicated that Alfred's wife would be incapacitated during treatment and recovery, need care and help with transportation, taking medication, and that she would need to "stand / walk after sitting for twenty minutes" and that she would be unable to lift, pull, twist or bend. Her physician further informed EMJC that Alfred's wife would need follow-up treatment after her surgery.

23. EMJC approved Alfred's leave on or about June 16, 2017. Thereafter, Alfred's wife had surgery on June 22, 2017.

24. Unbeknownst to Alfred at the time, after his wife's surgery, and while he was on

FMLA leave caring for his wife, EMJC put Alfred under surveillance.

25.     Following his wife's surgery, Alfred continued to provide medical and psychological care for his wife as she recovered from surgery at home, including assisting her with her activities of daily living.

26.     During a follow-up visit with Alfred's wife's physician in July, 207, Alfred and his wife asked her doctor if it would be good to take his wife on a trip in their fully-contained trailer to assist with her recovery. The physician informed Alfred and his wife that the trip would do her good, provided she abided by her restrictions.

27.     Accordingly, after receiving approval from his wife's physician, Alfred and his wife went on a brief trip in their fully contained trailer between July 24 and July 28.  During the trip,  Alfred continued to provide physical and psychological care for his wife, including assistance with her daily activities, including making sure she was safe, just as he had during the previous month at home.

28.     While on the short trip, Alfred's wife's medical, hygienic and nutritional needs did not change and Alfred provided the same care and psychological support that he did while at home.

29.     When Alfred returned to work following his FMLA leave (prior to the end of his approved leave), he was abruptly terminated, effective August 1, 2017, despite 25 years of devoted and loyal service to his employer.

30.     EMJC's letter of termination to Alfred on August 1, 2017 claimed that his trip in his trailer for approximately a week was "contrary to [the] restrictions" contained in the

5

Certification, but it had no medical basis for such assertion, or for asserting that Alfred's wife was not "experiencing a difficult recovery." Further, on information and belief, EMJC had not consulted a physician or other health care provider to determine that the trip was inconsistent with Alfred's wife's medical condition and recovery.

31. In the August 1, 2017 letter EMJC claimed that Alfred "engaged in dishonesty and inappropriate use of sick time." Of course, this claim was false. No investigation or medical information was requested by EMJC and it summarily denied Alfred's appeal of his termination, even though his physician provided a letter attesting to the fact that the trip was consistent with Alfred's wife's recovery and treatment.

32. Alfred's termination was because of his FMLA leave and/or his wife's disability.

## FIRST CAUSE OF ACTION
**(Violation of the ADA- Disability Discrimination – Against Defendant EMJC)**

33. The preceding paragraphs are incorporated herein by reference.

34. At all times relevant hereto, Alfred was an employee of EMJC within the meaning of the ADA, 42 U.S.C. § 12111(4) and EMJC was a covered entity within the meaning of the ADA, 42 U.S.C. § 12111(5), 12112(b).

35. At all times relevant hereto, Alfred's wife was disabled within the meaning of the ADA in that she had a disability, a record of a disability and/or was regarded as having a disability that substantially limited major life activities within the meaning of the ADA, 42 U.S.C. § 12102(1).

36. The ADA prohibits discrimination against an individual because of Alfred's association with a person with a disability, such as Alfred's wife, pursuant to  42 U.S.C.

12112(b)(4)

37.     EMJC knew of Alfred's wife's disability, her record of disability, or regarded her as disabled in that EMJC was informed by Alfred of his wife's condition on multiple occasions and also because EMJC was notified of Alfred's wife's condition pursuant to his request for FMLA leave.

38.     EMJC terminated Alfred's employment because of Alfred's wife's disability and his association with her.

39.     As a result, Alfred is entitled to make whole relief in the form of back pay and lost benefits and other remuneration associated with his employment and loss of employment.

40.     Alfred is also entitled to reinstatement, or in lieu of reinstatement, front pay, and compensatory damages, including non-pecuniary losses, in an amount to be proved at trial.

41.     EMJC's conduct toward Alfred was willful and malicious and manifested a knowing and reckless indifference toward, and disregard of, Alfred's interests and rights, entitling Alfred to an award of punitive damages in an amount to be proved at trial.

42.     Alfred is also entitled to an award of attorney fees incurred by him in bringing this action.

## SECOND CAUSE OF ACTION
(Violation of FMLA – FMLA Discrimination / Retaliation – Against All Defendants)

43.     The preceding paragraphs are incorporated herein by reference.

44.     Defendants EMJC and reliance are joint employers of Alfred under the FMLA.

45.     The FMLA, 29 U.S.C. § 2612, provides that an eligible employee is entitled to take up to twelve (12) weeks of leave during a 12-month period because of the serious health

condition of his spouse

46. Generally, an employee is eligible for leave under the FMLA, 29 U.S.C. § 2611(2), after being employed during at least twelve months and having not less than 1250 hours during such qualifying period.

47. The FMLA, 29 U.S.C. § 2614(a), provides that an employee who takes leave must be restored to his former position or an equivalent position when he returns from leave.

48. The FMLA, 29 U.S.C. § 2615(a)(2), prohibits an employer from discriminating and/or retaliating against an employee for taking FMLA leave or engaging in another protected activity.

49. As noted in more detail above, Alfred requested FMLA leave for his spouse's serious health condition and was approved to take up to twelve weeks of leave for her serious health condition.

50. After taking leave for his wife's medical condition, Alfred returned to work and was subsequently terminated in retaliation for exercising his rights to FMLA leave.

51. Defendants willfully and intentionally discriminated against Alfred for taking such leave, and did so knowingly and intentionally and with reckless disregard of Alfred's rights under the FMLA.

52. Defendants termination of Alfred violated the FMLA and, pursuant to 29 U.S.C. § 2617, Defendants are jointly liable to Alfred for all wages and wage increases to which he would have been entitled but for its willful conduct, including salary, profit sharing, employee benefits and other compensation which he lost due to Defendants violations of the FMLA, including

liquidated damages, prejudgment interest on those losses, attorney fees, expert witness fees and any other costs of this action, and for such other and further equitable relief as the court deems appropriate (including reinstatement, employment and/or promotion).

## JURY DEMAND

Alfred requests trial by jury on issues so triable to jury pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alfred prays for judgment against Defendants as follows:

1. For judgment in Plaintiff's favor and against Defendants for violation of the ADA and FMLA, as applicable;

2. For an order awarding Plaintiff all back pay and benefits he lost as a result of Defendants conduct;

3. For an order reinstating Plaintiff to his former position, or lieu of reinstatement, for an award of front pay;

4. For an order awarding Plaintiff all pecuniary and non-pecuniary damages incurred by him, as applicable under Plaintiff's separate claims, including damages for emotional distress under the ADA;

5. For an order awarding Plaintiff liquidated damages in an amount proven at trial as allowed by the FMLA;

4. For an order awarding Plaintiff pre and post-judgment interest as applicable;

5. For an order awarding Plaintiff attorney fees and costs of suit, including expert witness fees, as allowed under relevant law;

9

6. For an order awarding Plaintiff compensatory damages as allowed by law;

7. For an order awarding punitive damage; and

8. For an order awarding such further and additional legal or equitable relief as the court deems appropriate.

DATED this 11th day of February, 2019.

/s/   **Andrew W. Stavros**
Andrew W. Stavros
STAVROS LAW P.C.
*Attorneys for Plaintiff*